STATE, EX REL. C. A. SORENSEN, ATTORNEY GENERAL, APPELLEE, v. MITCHELL IRRIGATION DISTRICT, APPELLANT: FARMERS IRRIGATION DISTRICT, INTERVENER, APPELLEE.

FILED APRIL 13, 1935. No. 29522.

*Morrow & Morrow* and *James A. Greenwood,* for appellant.

*William H. Wright, Attorney General, C. G. Perry* and *Neighbors & Coulter, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

PER CURIAM.

This matter arises on the application of the appellant for an order permitting the decree of the district court to be superseded by the giving of bond. Appellant further asks this court to fix the terms and conditions of the bond if allowed.

The record in this case discloses that the state of Nebraska brought this suit for the purpose of determining the rights and powers of the state of Nebraska, through its department of roads and irrigation, bureau of irrigation, water-power and drainage, over the Mitchell Irrigation District. The Farmers Irrigation District intervened in said suit by leave of court claiming, in part, that its appropriation of September 16, 1887, was prior to that of the Mitchell Irrigation District and praying for an adjudication to that effect. The Mitchell Irrigation District has no appropriation in Nebraska, but claims an appropriation under the laws of Wyoming under date of June 20, 1890, which said Wyoming appropriation has been recognized by the department of roads and irrigation, bureau of irrigation, water-power and drainage of the state of Nebraska, pending litigation to definitely determine the same.

The trial court, upon a trial of the case, entered two decrees, one determining the issues between the state of Nebraska and the Mitchell Irrigation District, and the other determining the issues between the intervener, Farmers Irrigation District, and the Mitchell Irrigation District.

We are of the opinion that the Mitchell Irrigation District is entitled to supersede the decree of the trial court which adjudicates the issues raised between it and the Farmers Irrigation District. There is no reason that has been brought to our attention why a bond will not protect the Farmers Irrigation District for any damages that may accrue because of this appeal if it should be affirmed on final hearing.

On the other hand, the trial court, in entering a decree involving the issues raised between the state of Nebraska and the Mitchell Irrigation District, required certain affirmative acts to be taken by the Mitchell Irrigation District before it could take any water from the North Platte river. Whether or not the Mitchell Irrigation District must comply with these conditions precedent is one of the questions involved in this appeal. If this part

of the decree is not superseded, the district will obtain no water for the 1935 irrigation season or the litigation will be fruitless in this respect.

If, however, we permit the whole of the decree between the state of Nebraska and the Mitchell Irrigation District to be superseded, it will be impossible to have an orderly distribution of water from the North Platte river pending the appeal in this case. We are not therefore permitting that part of the decree of the trial court to be superseded that places the control of the waters of the North Platte river within the jurisdiction of the department of roads and irrigation, bureau of irrigation, water-power and drainage. Under these provisions of the decree which are not to be superseded, the department of roads and irrigation, bureau of irrigation, water-power and drainage, will have full control of the distribution of the waters of the North Platte river in so far as the parties to this action are concerned pending this appeal. The Farmers Irrigation District, under the order of the trial court that is not superseded, will be required, pending this appeal, to respect the rights of all appropriators having appropriations dated prior to September 16, 1887, and likewise the Mitchell Irrigation District will be required pending this appeal to respect the rights of all appropriators having appropriations dated prior to June 20, 1890, including the appropriation of the Farmers Irrigation District.

An order permitting the Mitchell Irrigation District to supersede the decrees of the district court in accordance with this opinion will therefore be allowed. The amount, terms and conditions of the supersedeas bond will be set forth in the formal order filed herein.

SUPERSEDEAS ALLOWED.